Rustin', Judge
 

 Most of the questions argued in this cause were considered and determined a year ago, in
 
 Bobards v. Wortham.
 
 There the'residue of the personalty was undisposed of, and there was a devise of land to bo sold by the executor for the payment of debts, and the surplus of the proceeds given over. It was held, that although both were liable before land descended, the formar was liable to creditors before the latter.
 

 The present discussion has not produced a doubt of the correctness of that opinion. It is admitted at the bar, that it conforms to the rule in England
 
 ;
 
 but it is insisted that our law, which subjects land to all debts, has altered it here. The idea is that the testator is under no necessity in point of honesty, to provide a fund for creditors, since the law has effectually done that for him already; and therefore, that there can be no motive for his charging a particular part of his land with the payment of debts, but to fix that change conclusively upon it, in ease of all other parts of his estate. But this reasoning applies equally in England to a .rase of debts by specialty, as between tbe devisee and heir. Yet
 
 J 1 *
 
 nothing is more certain than that the latter pays those debts before the former, although the land devised he
 
 *270
 
 ever so anxiously and expressly charged. The rule then is not founded on the reason supposed
 
 ;
 
 but upon the notion of an intention in the testator, that his gift shall not he defeated as long as there is a sufficiency of estate not given to any body, to satisfy all demands against him. Besides that suggested, there are many other motives, applicable as well to this country as England, for making such a charge. It may be to discriminate between the liabilities of different devisees and not between them, or either of them and the heir. So it may be to prescribe the order of payment as between the land made liable to the debts, and specific legacies, and not as between either of them and the next of kin. And this is as strong here in relation to simple contracts as it is in England in reference to bond debts
 
 ;
 
 for with us simple contracts cannot reach the land until all the personalty has been exhausted, as well that given specifically, as the residue bequeathed, and the surplus undisposed of. The land may then be charged for the purpose of exonerating and in a manner to exonerate particular parts of the personal legacies, and for that purpose alone, not to exonerate the whole personalty. It is in fine a question of intention, and we cannot here, more than in England, infer from the charging of one fund, an intention to ease another, liable by law before it.
 

 Or to distinguish between different devisees, and not between them & the heir, or next of kin.
 

 This however is stated not to be a case of a charge upon land, as such; but a case of conversion of the whole into personalty. Such I take it to be; and perhaps for that reason it is different from
 
 Robards
 
 v.
 
 Wortham,
 
 as discussed. Although the defendant was there both heir and next of kin, no question was made by him upon the undisposed surplus. He gave that up and contended only for the exoneration of the realty descended. Nor did itocurto the court, that there could be a doubt about it. For that reason it was not accurately consider* ed, whether there was to be a sale at all events or only in case it was necessary for the payment of debts, nor the ef-ect, in the one case or the other, upon the resid ue of the personalty, It was not material in the determination of the point madeby the defendant as heir ; for if it be admitted,
 
 *271
 
 as I suppose it must be, that where the principal intent of a sale of the land is to provide for the payment of debts, and upon the supposition that the purpose expressed will require a sale to be in fact made, the surplus is given over as money, and not as land — if, I say, in such case it be admitted, that the purposes of the sale shew that it was not absolutely to be made, and create a trust in the nature of a charge for creditors, which the donee of the surplus may elect to satisfy by paying the debts, and thereupon call for a conveyance of the land ; yet that is between the executor and trustee, on one side, and the donee of the surplus on the other. It would not alter the order of liability intended by the testator. And the devise
 
 to sell for payment of debts,
 
 although that was the
 
 only
 
 purpose of the sale, denoted the intention as much as a sale out and out would, that as between the devisee-ami the heir, the land devised should be first liable. And the only question made there was between those parties.
 

 The rule is die same when there out and out, and the residue given
 

 A pecuniary le-l^debt^of^he testator, is to be qmrfrapsed outot the residuum, as well when that is 1™dlsP“se'l of, as away,
 

 Here there is a conversion out and out. There is to be a sale at all events, and not for the sole purpose of paying debts. T. he legatees ai*c infant children, who could not elect, and who needed a provision for maintenance and education. The testator lias elected for them and chooses to provide money, the mingled proceeds of land and perishable stock.
 

 Taking it then to be a general pecuniary legacy, I do not perceive that it will make any difference. The question is between a pecuniary legatee and the next of kin. It is of the same nature with that before stated between the devisee of land and the heirs; only, stronger against the distributee, who is not so great a favorite as the heir. The rule is general, that legatees of all sorts are to be satisfied before the next of kin. Debts and legacies must be satisfied before there can be a residue. The remainder after paying all, is what constitutes the surplus. The
 
 hceres nalus
 
 must yield to the
 
 hceres factus;
 
 because the testator meant effectually to give a part of his property, as he had a right to do. He who claims by law, and not by gift, must take subject to the law and all its incumbrances, unless the testator positively and
 
 *272
 
 expressly direr.ts otherwise. He to whom a thing is given subject to a charge, must boar it as against one to whom another thing is given clear of charge ; but not as agajns£ ]|jm to whom nothing is given, anil who succeeds, by law, and without any intention of the testator, to what is by law also subject to the same charge, and subject in the first instance. The legatee can indeed only have what is given to him ; and if this legacy can be said to be a gift of the balance of the proceeds of the land and stock, after paying all debts
 
 out of those proceeds,
 
 then the argument for the defendant would be good. As if a particular thing be given to A, lie paying ¿6100 to B. or to my executor; or estate, or the like; then the question is, what is given, or on what condition. But that is very different from the enquiry, in what order is a general charge to be borne by different parts of the estate. Charging a particular debt on a legacy, specific or general, will attach it to that legacy in the same manner as if it be expressly given,
 
 minus
 
 so much. But these words “ after payment of debts” generally, do not mean that this legacy, and
 
 this
 
 alone. should answer creditors. It. so means as against other legatees ; but not as against other personalty not disposed of. The testator intended to provide for his legatees; and not for his next of kin
 
 ;
 
 and the latter can claim only upon the score of intestacy, in which case, the debts must be paid before a distribution, unless the testator has expressly ordered otherwise. The words do not cut down the legacy, bul only charge it. Suppose a testator says in the beginning of his will, “ after payment of my debts, I give,” &c.j and then proceeds to devise lands, and also bequeath personal legacies, specific and pecuniary, and Hie- residue generally. Such words doubtless charge the lands devised, but not in exoneration of lands descended nor equally with the legacies, of either kind. There is no partial exoneration of the personal estate by the real, and as to the personalty, the order of liability amongst the different parts of it is not at all affected ; because as to that, the words mean nothing, since every part of it was liable to debts before. Pecuniary legacies would still be subject
 
 *273
 
 before specific, asid the residue bequeathed,' before either; for the words
 
 “
 
 after payment of debts,” go also to it, and disposing of it as a general residue shews that it was to be first applied, because
 
 ex vi
 
 termini, residue, generally means what remains after debts arc paid. Much more is this tiie case, when the surplus is undisposed of. The argument is the same, when those words “ after payment of debts,” arc applied to a general pecuniary legacy, in reference to the order of liability between that, and the residue or surplus. They subject that legacy before others of the
 
 like kind;
 
 but not before legacies liable in law before it, without theiatter be expressly or clearly exonerated, or the charge on the first be in terms that make it exclusive of all others. It is a question of intention, and leaving a residue as. a residue, proves the moaning to be, that it should pay in the first instance; much more where it is not given at all; for then there is nothing to shew the testator meant, that the law should not take its course in the administration of bis assets. Consequently, I conceive the undisposed surplus is to be first applied in satisfaction of the debts,, and as there is a sufficiency of that for that purpose, the petitioners are entitled to the whole proceeds of the land and stock.
 

 Per Curiam. — Decree reversed.